UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Building and Construction Laborer's Local No. 1097 on behalf of Richard Brula, Ryan Martin, Rodney Milos, Chad Winger, Brand Richter, Nate Miller and Mark Martin,

Plaintiffs,

vs. MINUTE ORDER

Mesabi Bituminous, Inc.,

Defendant. Civ. No. 00-1015 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of February, 2001.

* * *

On February 12, 2001, the Court heard argument on the Defendant's informal Motion to Compel discovery. At the time of the Hearing, the Plaintiffs appeared by Donald L. Bye, Esq., and the Defendant appeared by Forrest Hutchinson, Esq. For reasons expressed at the close of the Hearing, and briefly summarized below, we grant the Motion to Compel, and extend the pretrial deadlines relating to discovery, and Motion practice, as well as the "Ready for Trial" date, by sixty (60) days.[1]

---

[1]We note that the deadlines for the parties' expert disclo-
(continued...)

FEB 12 2001
FILED
... E DOSAL, CLERK
...

The Defendant complains that the Plaintiffs have not answered its Interrogatories, which were served in the latter part of November of 2000. The Plaintiffs acknowledge that Answers are past due, but underscore that the whereabouts of certain of the Plaintiffs is unknown, and that others have left the area in search of employment, which frustrates the preparation and service of timely discovery responses. While the Court appreciates the difficulties in logistics that the Plaintiffs apparently confront, their failure to attend to the needs of this case can no longer be indulged. As stated at the Hearing, the Plaintiffs shall have until **April 1, 2001**, to serve the Defendant with full and complete Answers to Interrogatories. With respect to those Plaintiffs who do not timely serve Answers to Interrogatories, the Court will entertain a Motion to Dismiss their cause of action for failure of prosecution. Of course, the Plaintiffs should not wait until **April 1, 2001**, by which to serve their Answers, but should serve them upon their completion and execution.

If the Defendant intends to depose any Plaintiff, the deposition should be promptly noted after receipt of that Plaintiff's Answers to Interrogatories, but, in any event, the parties shall

---

[1](...continued)
sures has already expired, as has the deadline for any amendments of the pleadings.

have until **May 1, 2001**, to complete their discovery, inclusive of the taking of any discovery depositions. The remaining pretrial dates for Motion practice, and the "Ready for Trial" date are also extended for a period of sixty (60) days.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's informal Motion to Compel is GRANTED, and the Plaintiffs shall fully respond to the Defendant's written Interrogatories forthwith, but **by no later than April 1, 2001.**

2. That all discovery in this matter, inclusive of discovery depositions, shall be completed **by no later than May 1, 2001.**

3. That nondispositive Motions shall be scheduled, filed and served **by no later than June 1, 2001.**

4. That all dispositive Motions shall be filed and the Hearing thereon completed prior to **July 1, 2001.**

5. That this case shall be "Read for Trial" on **August 1, 2001**, or thirty (30) days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's Jury Trial Calendar.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE