UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Building and Construction Laborer's Local No. 1097, on behalf of Richard Brula, Ryan Martin, Rodney Milos, Chad Winger, Brand Richter, Nate Miller, Mark Martin, Herbert Clapsaddle, Daniel Gregorich, Cory Winger, Todd Wuori, Robert Nayranen, and Clint Novak,

Plaintiffs,

Civil File No. 00-1015 (PAM/RLE)

v.

**MEMORANDUM AND ORDER**

Mesabi Bituminous, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b), for Plaintiffs' failure to respond to discovery requests. In the alternative, Defendant seeks to require Plaintiffs to provide "meaningful" responses to discovery requests, the opportunity to depose the individual Plaintiffs, an extension of all deadlines in the case, and monetary sanctions in the amount of $5,000.

**BACKGROUND**

Building and Construction Laborers' Local No. 1097 (the "Union") represents construction workers on the Iron Range of Minnesota. The individual Plaintiffs[1] were

---

[1] Three of the individual Plaintiffs named in the Amended Complaint, Todd Wuori, Robert Nayranen, and Clint Novak, are apparently no longer involved in the lawsuit. In their responses to Defendant's interrogatories, Plaintiffs stated that they would stipulate to a dismissal of these three Plaintiffs. No such dismissal has been filed with the Court, however.

FILED JUN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

members of the Union who, in the summer of 1999, worked for Defendant Mesabi Bituminous, Inc. ("Mesabi"). Plaintiffs claim that Mesabi underpaid the individual Plaintiffs in violation of the parties' collective bargaining agreement. The lawsuit has been pending since April 2000.

On November 17, 2000, Defendant served Plaintiffs with its written discovery requests. Depositions of the individual Plaintiffs were to take place during the first week in January 2001. However, the depositions were cancelled several times because of Plaintiffs' failure to respond to Defendant's discovery requests. In fact, Defendant has yet to take the depositions of the individual Plaintiffs.

Defendant eventually moved to compel responses to the discovery requests, and on February 12, 2001, had an informal hearing before Magistrate Judge Raymond L. Erickson. Judge Erickson granted the motion to compel, ordering Plaintiffs to respond to Defendant's requests by April 1, 2001, and extending the deadlines in the case by sixty days. In the order, Judge Erickson stated that, should Plaintiffs fail to comply with the order, the Court would entertain a motion to dismiss.

Plaintiffs responded to the discovery requests on March 30, 2001. Their responses were, by any measure, brief. Indeed, Plaintiffs' responses consisted mainly of claims that the information sought by Defendant was in the possession of Defendant. (Magie Aff. Ex. B.) Defendant has now moved to dismiss Plaintiffs' Amended Complaint for failure to respond adequately to discovery.

**DISCUSSION**

Fed. R. Civ. P. 37(b)(2)(C) gives the Court the authority to dismiss an action for failure to participate adequately in discovery. However, dismissal under Rule 37 is an "extreme sanction" reserved for willful or bad faith conduct. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958). "Dismissal is not appropriate where the discovery failure 'has been due to inability and not to willfulness, bad faith, or any fault of' the sanctioned party." Laclede Gas Co. v. G. W. Warnecke Corp., 604 F.2d 561, 566 (8th Cir. 1979) (quoting Societe Internationale, 357 U.S. at 212). A sanction imposed under Rule 37 must be "just," Shelton v. Am. Motors Corp., 805 F.2d 1323, 1329-30 (8th Cir. 1986), and should be "proportionate to the litigant's transgression." Rodgers v. Curators of Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998).

Defendant acknowledges that Plaintiffs' conduct in this case does not rise to the level of the bad-faith conduct found to warrant dismissal in other cases. See, e.g., Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997) (upholding dismissal with prejudice after nearly twenty motions to compel and motions for sanctions failed to secure plaintiffs' responses to discovery); Rodgers, 135 F.3d at 1223 (affirming dismissal under Rule 41(b) after plaintiff's repeated failure to comply with court orders and failure to appear for court-ordered deposition). Defendant contends that the Court should dismiss the case because of the prejudice Plaintiffs' conduct has caused Defendant. According to Defendant,

the totality of the circumstances in this case are "sufficiently egregious" to warrant dismissal. (Def.'s Supp. Mem. at 7.) Defendant does not catalog the prejudice it has allegedly suffered, however, and the Court has found little prejudice at this early stage of the litigation. It may be true, as Defendant suggests, that Plaintiffs plan to ambush Defendant at trial with evidence of which Defendant is not aware. However, should it become evident that Plaintiffs indeed intend to introduce evidence not provided to Defendant, Defendant can foreclose Plaintiffs' tactics with motions in limine or other pre-trial motions, and the Court would also entertain motions for sanctions at that time.

Plaintiffs do not dispute that they have had difficulty responding to Defendant's discovery requests. Plaintiffs attempt to excuse their failure to respond by explaining that many of the individual Plaintiffs are seasonal laborers for whom the Union does not have a permanent address. Thus, during the winter months when discovery was proceeding, it was difficult, if not impossible, for Plaintiffs' counsel to contact the individuals. Judge Erickson noted this difficulty in his order, and, like Judge Erickson, the Court is sympathetic to Plaintiffs' claims. However, Plaintiffs filed this lawsuit and cannot be allowed to abdicate their responsibility for prosecuting it with some degree of diligence. Moreover, Plaintiffs' counsel must be held responsible for knowing the whereabouts of his clients so that written discovery and depositions may proceed in an orderly and timely fashion. Defendant cannot be expected to defend claims about which it has received little or no explanation or evidence.

This case is not yet an example of the dilatory practices or bad faith sufficient to warrant dismissal under Rule 37. However, Plaintiffs' conduct cannot be ignored. Plaintiffs and their counsel are cautioned that they must take discovery seriously, and must comply in good faith with their duty to fully and completely respond to Defendant's discovery requests. Thus, the Court will require the Plaintiffs to make a full and complete disclosure to Defendant of all information that Defendant seeks that is relevant to the case. See Fed. R. Civ. P. 26. Further, in order that Defendant has sufficient time to evaluate Plaintiffs' disclosures and to depose the individual Plaintiffs, the parties are directed to meet with Judge Erickson to establish new discovery and dispositive motion deadlines for the case.

Finally, Defendant has undoubtedly incurred significant costs in preparing the instant Motion and in attempting to secure Plaintiffs' responses to discovery. Were it not for Plaintiffs' admittedly negligent conduct, Defendant would not have incurred these costs., and thus Defendant is entitled to recoup the costs. Defendant seeks sanctions in the amount of $5,000 from Plaintiffs, but does not specify what portion of this amount represents the costs and fees incurred in the discovery disputes, including this Motion. Defendant should provide to Judge Erickson an accounting of the costs and fees it has incurred in the parties' discovery disputes. Judge Erickson may then determine what amount is reasonable under the circumstances, and Defendant may recover that amount from Plaintiffs.

Again, Plaintiffs are cautioned to participate in the discovery process in good faith. Should Plaintiffs attempt at trial to introduce evidence that was not made available to

Defendant during discovery, the Court will not hesitate to impose whatever sanctions are appropriate.

**CONCLUSION**

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 12) is **DENIED**;
2. Plaintiffs are directed to make a full and complete disclosure to Defendant of all information that Defendant seeks that is relevant to the case;
3. The parties shall meet with Magistrate Judge Raymond L. Erickson to establish new deadlines for the case; and
4. Defendant may submit to Judge Erickson an accounting of its costs and fees associated with the instant discovery, and Judge Erickson may determine what amount is reasonable and require Plaintiffs to pay that amount.

Dated: June 17, 2001

Paul A. Magnuson
United States District Court Judge