UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * *

Building and Construction Laborers' Local No. 1097, on behalf of Richard Brule, Ryan Martin, Rodney Milos, Chad Winger, Brand Richter, Nate Miller, Mark Martin, Herbert Clapsaddle, Daniel Gregorich, Cory Winger, Todd Wuori, Robert Nayranen, and Clint Novak,

Plaintiffs,

vs.

Mesabi Bituminous, Inc.,

Defendant.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 00-1015 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of August, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon the direction of the District Court, the Honorable Paul A. Magnuson presiding, that the parties seek new discovery deadlines from this Court, and that the Defendant provide us with an accounting of the attorneys' fees, and costs, that were incurred as a result of several discovery Motions, that the Defendant was caused to pursue,

FILED AUG 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

because of the Plaintiffs' unwarranted failure to allow discovery. A Hearing on these issues was conducted on July 19, 2001, at which time, the Plaintiffs appeared by Donald L. Bye, Esq., and the Defendant appeared by Robert H. Magie, III, Esq.

## II. Factual and Procedural History

The facts of this case are succinctly set out in the Memorandum and Order of the District Court, dated June 18, 2001. See, Docket No. 21. As a consequence, we will develop the facts only as necessary for our recommended disposition of the issues now before us.

The Complaint in this case alleges that the Defendant underpaid the individual Plaintiffs for work they performed during the Summer of 1999. On November 17, 2000, the Defendant served its written discovery requests upon the Plaintiffs. In addition, depositions of the Plaintiffs were to be taken in January of 2001. The Plaintiffs, however, failed to respond to the discovery requests, which caused the rescheduling of their depositions. By June of 2001, with discovery still outstanding, the Defendant had yet to take the depositions of the Plaintiffs.

The Defendant informally moved this Court to compel the discovery responses in mid-February of 2001. At that time, the Plaintiffs admitted that their responses were past due, but explained their delay as caused by difficulties they were experienc-

ing compiling the requested information because the whereabouts of certain of the Plaintiffs was unknown, as they had left the area in pursuit of construction jobs. See, Docket No. 11. We granted the Defendant's Motion to Compel, and directed the Plaintiffs to produce their re-sponses by April 1, 2001. We further extended the pretrial dead-lines in the case by sixty days. We made plain, however, that, "[w]ith respect to those Plaintiffs who do not timely serve Answers to Interrogatories, the Court will entertain a Motion to Dismiss their cause of action for failure of prosecution." Id.

The Plaintiffs served their discovery responses on March 30, 2001. According to the District Court, the responses were "by any measure, brief." Memorandum and Order, at 2 (D. Minn., June 18, 2001)[Docket No. 21]. The responses were largely comprised of assertions that the requested information was already in the possession of the Defendant. Id. Given the plainly inadequate nature of the Plaintiffs' responses, the Defendant moved to dismiss their claims owing to their failure to adequately respond to discovery.

The District Court denied the Defendant's Motion to Dismiss, however, as it found that the Plaintiffs' conduct did not rise to the level of "bad faith," and because there was little prejudice to the Defendant at this early stage in the litigation. Id. at 3-4. The Court instructed the Plaintiffs to provide the requested, rele-

vant discovery, and instructed to parties to confer with this Court as to a revised discovery schedule for the case. Id. at 5. In addition, the Court expressly stated:

> Defendant has undoubtably incurred significant costs in preparing the instant Motion and in attempting to secure Plaintiffs' responses to discovery. Were it not for Plaintiffs' admittedly negligent conduct, Defendant would not have incurred these costs, and thus Defendant is entitled to recoup the costs. Defendant seeks sanctions in the amount of $5,000 from Plaintiffs, but does not specify what portion of this amount represents the costs and fees incurred in the discovery disputes, including this Motion. Defendant should provide to Judge Erickson an accounting of the costs and fees it has incurred in the parties' discovery dispute. Judge Erickson may then determine what amount is reasonable under the circumstances, and Defendant may recover that amount from Plaintiffs.

Id.

With this background, we address the Defendant's accounting of its costs, and establish revised pretrial deadlines for the case.

III. Discussion

A. Request for Attorney's Fees and Costs. The Defendant has submitted an Affidavit by its attorney, Robert H. Magie, III, Esq., which details the Defendant's attorneys' fees, and costs, incurred in connection with its effort to secure meaningful discovery responses, inclusive of its Motion to Dismiss. The Affidavit avers, in part, as follows:

> a. On February 12, 2001, counsel for the defendant appeared in court on an informal motion to compel discovery from the plaintiffs. Preparation for the motion and attendance involved 1.5 hours of time.
>
> b. Commencing on April 11, 2001, and concluding on April 19, 2001, counsel for the defendant researched and drafted a motion for dismissal of the case or, alternatively, other relief. The legal work involved 12 hours of time.
>
> c. On May 23, 2001, counsel for the defendant reviewed the responsive materials submitted by the plaintiffs in connection with the motion of the defendant. This legal work involved 2.0 hours of time.
>
> d. On June 19, 2001, counsel for the defendant reviewed the Order of the court, which ruled on the motion. The legal work involved .3 hours of time.
>
> e. In total, the legal time spent on discovery disputes in this matter, by counsel for the defendant, has been 15.8 hours.
>
> f. The reasonable hourly rate for this legal time is $135.00 per hour.

Affidavit of Robert H. Magie, III, at 1-2.

To determine a reasonable attorney's fee, a Court must compute a lodestar figure, by multiplying the hours that the requesting party's counsel should have reasonably spent on the work performed, by a reasonable hourly fee. See, Jane. L. v. Bangerter, 61 F.3d 1505, 1509 (10th Cir. 1995). The "lodestar" figure is then subjected to an upward or downward adjustment, as appropriate. See, Glover v. Heart of America Management Co., 1999 WL 450895 at *1 (D.

Kan., May 5, 1999). The fee applicant bears the burden of establishing an entitlement to an award of fees and costs, and of documenting the appropriate hours expended, and the applicable hourly rates. See, Case v. Unified School Dist. No. 233, 157 F.3d 1243, 1249-59 (10th Cir. 1998).

Here, the Defendant's legal counsel has requested attorneys' fees, for his efforts to compel discovery, in the total amount of $2,133.00. We find that the tabulation of counsel's recoverable hours of work is somewhat excessive, and wanting in the requisite degree of specificity. As the Court, in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), explained:

> Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here.

Where time entries in a fee petition do not describe, with precision, the work that was performed, they may be eliminated or substantially reduced. See, H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991); Baufield v. Safelite Glass Corp, 831 F. Supp. 713, 721 (D. Minn. 1993). Here, our analysis of counsel's time entries is particularly hindered by the Defendant's "block billing" approach. Block billing, in which different categories of

work are commingled in a single time entry, and without a specification as to the amount of time expended on each legal task, substantially impairs the Court's capacity to ascertain whether the specific work, which had consumed counsel's efforts, was appropriate for the time being claimed. See, Miller v. Woodharbor Molding Millworks Inc., 174 F.3d 948, 949-50 (8th Cir. 1999)(criticizing counsel's failure to "consistently identify the subject matter of the work performed," and "to specify the substance or content of" the billed tasks); McDannel v. Apfel, 78 F. Supp.2d 944, 947-48 (S.D. Iowa 1999)(same).

All totaled, counsel claims 15.8 hours in preparing these discovery related Motions, from February 12, 2001, to June 19, 2001. The Defendant's arguments, with respect to the inadequacy of the Plaintiffs' discovery responses were legally and factually uncomplicated and, by employing this Court's "open door" policy, in order to obtain an expeditious ruling on its informal Motion to Compel, the Defendant was effectively able to control its costs, as it obtained the requested relief without extensive briefing. The Defendant's Motion to Dismiss encompassed approximately nine pages of briefing, involving citations to only a handful of cases. In addition, no oral argument was allowed on the Motion to Dismiss, given its uncomplicated nature. On this Record, we conclude that the requisite legal work, arising from the Plaintiffs' inadequate

discovery, inclusive of the Motion to Dismiss, would reasonably have required an expenditure of no more than 8 hours. Such an allowance would afford an ample opportunity to complete any needed legal research, and briefing, so as to professionally advance the Defendant's legal interests.

Lastly, we consider the Defendant's requested hourly fees. In determining the reasonableness of a defendant's hourly fee, a Court is to look to the ordinary fee for similar work in the community. See, Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 140 (8th Cir. 1982). We conclude that, in awarding counsel the requested hourly rate of $135.00 per hour, we are compensating his time within the fee spectrum in the geographic region from which the action arises. As a result, multiplying the 8 hours of legal work we allow as reasonable, by the reasonable hourly rate of $135.00, produces a presumptively reasonable fee award of $1,080.00.[1] Therefore, we

---

[1]We expressly make clear, that we approach the issue of attorneys unfettered by considerations which frequently drive the retention of a favored attorney over a class of others. Clients routinely select an attorney who is familiar with their procedures, or who has demonstrated a proficiency for success in the past. These are appropriate considerations in the selection of legal counsel by a client, but, because they are subjective in nature, they are largely extraneous to our computation of an objectively reasonable award of attorneys' fees for the mundane, and unadorned legal work, which is routinely generated by a run-of-the-mill discovery dispute. Accordingly, the fact that we recommend an award of attorneys' fees, which is substantially at odds with that being requested by the Defendant's attorney, is not to be construed as a
(continued...)

recommend that the District Court award the Defendant that amount as an appropriate sanction for the Plaintiffs' inexcusable failure to discover.

B. The Pretrial Deadlines. On February 12, 2001, we amended the original Pretrial Order in this case, and extended the pretrial deadline relating to discovery, and Motion practice, as well as the "Ready for Trial" date, by sixty days. Consequently, the discovery deadline was set for May 1, 2001; the nondispositive Motion deadline was set for June 1, 2001; the dispositive Motion deadline was set for July 1, 2001; and the "Ready for Trial" date was set for August 1, 2001, or thirty days after the Court renders its Order on any dispositive Motion. As a result of the delays attributable to the Plaintiffs' failure to discover, we direct both parties to designate their experts **by September 20, 2001**, and we set the following additional deadlines: the discovery deadline will be **October 20, 2001**; the nondispositive Motion deadline is **November 20, 2001**; the dispositive Motion deadline is **December 20, 2001**; and the case will be "Ready for Trial" on **December 20, 2001**. The Court will not favorably view any further requests for pretrial extensions.

---

[1](...continued)
criticism of the work performed by counsel; rather it is solely an expression of our responsibility to determine, on an objective basis, a reasonable attorneys' fee award.

NOW, THEREFORE, It is --

ORDERED:

1. That both sides shall make their expert disclosures by **September 20, 2001.**

2. That all discovery in this matter shall be completed by no later than **October 20, 2001.**

3. That nondispositive Motions shall be filed, and the Hearing thereon completed, by no later than **November 20, 2001.**

4. That all dispositive Motions shall be filed, and the Hearing thereon completed, prior to **December 20, 2001.**

5. That this case shall be "Ready for Trial" on **December 20, 2001.**

AND, It is --

RECOMMENDED:

That the Plaintiffs be directed to pay fees and costs, jointly and severally, to the Defendant, in the total amount of $1,080.00, in accordance with the District Court's Order of June 18, 2001.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 31, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 31, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.